UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 17-cr-168-pp

ROMELL LEWIS,

        Defendant.

---

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NOS. 30-31), DENYING MOTION TO SUPPRESS EVIDENCE (DKT. NO. 17) AND DENYING MOTION TO SUPPRESS STATEMENTS (DKT. NO. 18)**

---

The defendant objects to Magistrate Judge Duffin's recommendation that the court deny the defendant's motion to suppress evidence. Dkt. Nos. 30-31, 34. Unfortunately, the parties have interacted with each other in such a way that the issue before this court is different from the issue that was before Judge Duffin. The court could send the case back to Judge Duffin, to give him the opportunity to consider the full facts—an opportunity he did not have when he issued his report and recommendation. For efficiency's sake, the court will not do that; it reluctantly accepts the defendant's invitation to consider *de novo* the facts that were not before Judge Duffin. Even considering those facts, the court will deny the motion.

**I.**     **Facts**

The grand jury indicted the defendant on October 3, 2017, charging that on August 14, 2017, the defendant (1) possessed firearms despite having been

1

previously convicted of a felony, (2) possessed with intent to distribute marijuana, and (3) possessed the firearms in furtherance of the drug trafficking offense. Dkt. No. 1.

Local police found the evidence that gave rise to the charges during the execution of a search warrant issued on August 10, 2017 by the Milwaukee County Circuit Court. Dkt. No. 17-1 at 1. The search warrant authorized officers to search a residence at 2947 North 24th Place in Milwaukee. Id. at 1. Milwaukee Police Officer Rodolfo Ayala prepared the affidavit in support of the application for the warrant based on information from "a reliable registered confidential informant." Id. at ¶5. Ayala stated his belief that the informant was credible, "because the confidential informant has been extensively questioned by affiant and federal law enforcement officials" about individuals involved in drug trafficking and guns. Id. at ¶8. Ayala explained that the informant had provided details about drug trafficking organizations that had proven reliable, and that had led to a search warrant in another case which resulted in an arrest, prosecution and conviction (with the arrested individual being where the informant had said that person would be). Id.

Ayala explained that the informant had contacted him and told him that within the previous fourteen days, the informant had been inside a residence at 2947 North 24th Place in Milwaukee and had seen a firearm. Id. at 3, ¶11. The informant said the gun belonged to "Mel," and that the informant believed "Mel" was a convicted felon who couldn't have a gun. Id. The informant also said that "Mel" sold marijuana—the informant had seen "Mel" weighing and packaging

marijuana in the week before the informant talked to Ayala. Id. The informant indicated that "Mel" had been selling "high levels" of marijuana daily for six to nine months, and that "Mel" stored the marijuana at the 2947 North 24th Place address. Id.

Based on this information, Ayala searched the Milwaukee Police Department's arrest database, and determined that "Mel" was the defendant; Ayala got a booking photograph of the defendant. Id. at ¶12. Ayala showed the photo to the informant, who confirmed that the defendant was the person he/she had seen at the 2947 North 24th Place address. Id. Ayala then checked the Wisconsin Department of Motor Vehicles records, and learned that as of January 2017, the defendant had listed his address as 2947 North 24th Place. Id. at ¶13. Ayala also searched the Wisconsin Circuit Court Access Program ("CCAP") and confirmed that the defendant had a prior felony conviction and was prohibited from possessing firearms. Id. at 4, ¶14.

## II. Procedural Background

The defendant first appeared in federal court on June 18, 2018 for his arraignment and plea. Dkt. No. 4. The minutes of that hearing reflect that the government intended to comply with the "open file policy"[1]—under which the government must turn over certain discovery to defendants without the defendants having to request it—and that the discovery would be available at

---

[1] The government follows that policy in most cases; it is memorialized in the Eastern District's Criminal Local Rules, Rule 12(a)(3).

the end of the week (by June 22, 2018). Id. Judge Duffin later ordered the parties to file pretrial motions by July 25, 2018. Dkt. No. 15.

On July 25, the defendant filed three motions. The first motion asked the court to suppress any evidence obtained from the execution of the warrant—the guns and drugs seized from the residence at 2947 North 24th Place on August 14, 2017. Dkt. No. 17. The second asked the court to suppress the defendant's post-arrest statement. Dkt. No. 18. The third motion, captioned "Defendant's Motion for Immediate Disclosure of *Giglio* Information Regarding Confidential Informant," asked the court to "order the immediate production of *Giglio* information regarding the confidential informant who provided the information upon which the challenged search warrant in this case rests." Dkt. No. 19. (The "*Giglio*" referenced in the motion is the Supreme Court's decision in Giglio v. United States, 405 U.S. 150 (1972), in which the court held that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within th[e] general rule [that the nondisclosure justifies a new trial]." Id. at 154 (quoting Napue v. Illinois, 360 U.S. 264, 269 (1959)).

On August 24, 2018, Judge Duffin denied the third motion for "immediate production of *Giglio* information" and recommended that this court deny the two motions to suppress. Dkt. Nos. 30-31. The defendant objected to one of Judge Duffin's recommendations—the recommendation that this court deny the defendant's motion to suppress the evidence seized during the

4

execution of the search warrant.[2] Dkt. No. 34. Relevant to the court's consideration of that objection is the defendant's decision to file a motion for early disclosure of Giglio information, as the court will explain.

### III. Relationship of Giglio Motion to Objection

The defendant asked Judge Duffin to suppress the evidence recovered during the execution of the search warrant because "the affidavit supporting the warrant rested entirely on the informant's report, a circumstance insufficient in this case to establish the probable cause necessary to the issuance of a warrant." Dkt. No. 17 at 2. He argued that "[m]issing from the affidavit is any depiction of the informant's background (*e.g.*, criminal history, to include possible crimes of dishonesty) or motivation (*i.e.*, benefits offered to the informant in exchange for his provision of information)." Id. at 3. In a footnote, the defendant observed that while the informant had told Ayala that he/she "knew" the gun that he/she had seen belonged to "Mel," the affidavit did not indicate how the informant had known that fact. Id. at n.1. In yet another footnote, the defendant informed Judge Duffin that, "[i]n a separate motion, [the defendant] invoke[d] *Giglio v. United States*, 405 U.S. 150 (1972), in asking this Court to order the immediate disclosure of information relating to the informant's credibility." Id. at n.2.

---

[2] The defendant indicated in a footnote in his objection that he was not challenging Judge Duffin's recommendation that this court deny the defendant's motion to suppress his post-arrest statements, but stated that "the post-arrest statement constitutes fruit of the challenged search and remains subject to suppression based on [the defendant's] Fourth Amendment motion." Dkt. No. 34 at 1 n.1.

5

The separate motion under Giglio reiterated the defendant's claim that "the informant's report, alone, failed to establish probable cause supporting the search warrant." Dkt. No. 19 at 1. The motion indicated that the defendant was asking for the informant's criminal history and his/her motivation for working for law enforcement. Id. at 2. The defendant alleged that this information had been "withheld" from the Milwaukee County court commissioner who had issued the warrant, and that the information was relevant to Judge Duffin's "task of adjudicating [the defendant's] challenge to a warrant resting entirely on the informant's word." Id. The defendant argued that he could not obtain this information on his own, given that Roviaro v. United States, 353 U.S. 53 (1957) allows the government to keep confidential an informant's identity. Id.

The defendant argued that Judge Duffin should find that the search warrant was deficient because it was based on an affidavit that did not contain enough information, *and* he asked Judge Duffin to require the government to provide him with that information. He made these two requests on July 25, 2017—over a month after the time minutes from the arraignment and plea indicate discovery was to become available. Neither motion indicates whether the defendant asked the government for the information about the informant *before* he filed his motions. Neither motion asked Judge Duffin to defer ruling on the motion to suppress until the defendant could obtain and review the information he'd requested in the Giglio motion. In other words, the defendant asserted that Judge Duffin needed the information requested in the Giglio motion to rule on the motion to suppress, but based the motion to suppress on

6

the fact that that same information was not available to the Milwaukee County commissioner who issued the warrant.

In his reply brief in support of the motion to suppress, the defendant stated that production of the material he'd requested in the Giglio motion "now is necessary for this Court's consideration of what the affiant omitted from the affidavit as it relates to the validity of the government's assertion of the good-faith exception's applicability." Dkt. No. 28 at 3. The "affiant" was Officer Ayala. It is not clear to the court whether the defendant was arguing that the information about the informant's criminal history and motive for cooperating were necessary to Judge Duffin's consideration of *Ayala's* integrity, or necessary to consideration of the *informant's* integrity.

Judge Duffin denied the Giglio motion, dkt. no. 31, and construed the defendant's argument as an argument that Ayala "*may have been* dishonest or reckless in preparing the affidavit because he failed to include any negative information about the informant." Id. at 8. Noting that the defendant had not shown that Ayala knowingly, or with reckless disregard, misled the issuing court commissioner, Judge Duffin said that the defendant "seeks discovery in the hope that it will uncover material information that was not included in the affidavit." Id. at 11. Judge Duffin characterized this as "a fishing expedition into what might have been omitted from the affidavit," and noted that the only authority the defendant had cited was Giglio. Id. Judge Duffin pointed out that Giglio requires the government to disclose information affecting the credibility of someone only if that someone is going to be a witness at trial. Id. (citing

7

United States v. Silva, 71 F.3d 667, 670-71 (7th Cir. 1995)). Judge Duffin also was not persuaded that the defendant was entitled to the information he'd requested about the informant's background, stating that the defendant had "offer[ed] no reason for concluding that ordering the government to disclose the information he seeks" was likely to result in a showing that Ayala had deliberately withheld material information from the issuing commissioner. Id. at 11-12. The defendant subsequently objected to Judge Duffin's recommendation regarding the motion to suppress.

The government's response to the defendant's objection reveals that sometime between August 24, 2018 (when Judge Duffin issued his recommendation) and October 8, 2018 (the day the government filed its objection), the government "provided the defense counsel with the informant's criminal record and motivation for cooperating with law enforcement." Dkt. No. 38 at 6-7. The government summarized the information it provided to the defendant about the informant—the informant had felony convictions (including possession with intent to distribute cocaine, possession with intent to distribute marijuana, operating a vehicle without consent and manufacturing/delivery of marijuana), and the informant was cooperating "in exchange for consideration in a firearms case." Id. at 7. The government went on to argue that had that information been provided to the Milwaukee County court commissioner, it would not have "undermine[d]" the commissioner's decision to issue the warrant. Id. The government posited that the commissioner probably assumed the informant was getting some benefit for

8

his/her cooperation, and stated that there were other cases in which judges had not required the informant's criminal history or motivation to determine whether there was probable cause to issue a warrant. Id. at 7-9.

The defendant filed a reply, stating that with the government's disclosure of the informant's "baggage," the record was "complete." Dkt. No. 39 at 1-2. He then discussed the impact of the newly-disclosed information on a probable cause determination. Id. at 2-5.

*Assuming* that the recently-disclosed information about the informant was critical in making a probable cause determination, the procedural posture in which the case comes to this court is a bit frustrating. This district's local rules include a procedure which, had the defense followed it, likely would have avoided the situation in which we find ourselves: the fact that this court has information that Judge Duffin did not have. Criminal L.R. 16(b) allows parties to file motions to compel discovery or inspection. It requires that the moving party provide a written statement that the movant has conferred or attempted to confer with the party failing to make the disclosure to try to resolve the issue without involving the court. It requires the moving party to state the date and time of any such conference, and to identify all the people who participated.

Because the defendant believed that the information about the informant was critical to Judge Duffin's probable cause determination, one wonders why he did not file a Rule 16(b) motion to compel. In such a motion, he could have informed Judge Duffin that he believed he had the basis for a motion to suppress, but that he needed the information on the informant before he could

decide whether such a motion was warranted. He could have asked for an extension of time to file the motion to suppress, and filed the motion after the government produced the information it since has produced. Judge Duffin then would have had before him everything the defense argues he needed to make a thorough ruling, and this court would not be in the position of either returning the case to Judge Duffin or making a decision on the Fourth Amendment issue in what amounts to the first instance.

One also wonders why the government did not provide the requested information until after Judge Duffin had issued his report and recommendation. The government knew from the time the defendant filed the motion what the defendant was seeking, but did not turn it over until weeks later. The court does not know whether the defense requested the information before filing the <u>Giglio</u> motion; if so, the government had even more time to disclose the information.

**IV.     Motion to Suppress**

Rather than delay the process longer than it already has been, the court will decide the motion based on both the evidence before Judge Duffin and the evidence to which the parties refer in their subsequent pleadings. Under Fed. R. Crim. P. 72(b)(3), the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error. <u>Johnson v. Zema Sys. Corp.</u>, 170

F.3d 734, 739 (7th Cir. 1999). The district judge may accept the magistrate judge's recommendation, reject it or modify it. 28 U.S.C. §636(b)(1).

The defendant does not challenge the recommendation to deny his motion to suppress statements. Dkt. No. 18. Rather, he objects to the portion of the recommendation denying his motion to suppress evidence obtained in violation of the Fourth Amendment. Dkt. No. 17. In his objection, the defendant argues that if the only issue in the case was the fact that a different judge might have questioned whether there was probable cause to issue the search warrant, "the magistrate judge's recommendation . . . would have firm footing in its findings that the warrant issued upon probable cause, if only barely, and additionally, that the *Leon* good-faith exception applies." Dkt. No. 34 at 2. The defendant argues, however, that Ayala "omitted information regarding the informant's criminal history, circumstances speaking to his/her credibility and motivations." Id.

At the time he filed his objection, the defendant still did not have the information about the informant, and he made a point of arguing that Judge Duffin did not give him a "fair shake" by denying the <u>Giglio</u> motion (despite conceding that filing a <u>Giglio</u> motion wasn't actually the correct procedure to use for what he wanted)[3] and using that denial as a basis for denying the motion to suppress. Id. at 4-5. By the time he filed his reply in support of his

---

[3] In a footnote in his objection, the defendant stated, "With the benefit of hindsight, the defense regrets captioning its motion seeking information omitted from the affidavit as a request for '*Giglio* information.' That allowed the magistrate judge to focus on *Giglio* being a trial right, meaning that Lewis' request is premature." Dkt. No. 34 at 3 n.2.

11

objection, the defendant had the "concealed" or "omitted" information, and argued that this court should "revisit the finding of 'borderline' probable cause through the lens of the informant's four prior felonies and the impeachable character for truthfulness to which those four felonies speak." Dkt. No. 39 at 3-4.

The court is not as convinced as the defendant that had the court commissioner known that the informant had four felony convictions—three for distributing drugs—the commissioner would have made a different decision. It is true that the fact that someone has been convicted of a felony can shed light on his or her credibility. But as anyone who has practiced criminal law knows, people who have not been involved in drug trafficking rarely have inside information about people who *are* involved in drug trafficking. The fact that the informant had three prior drug trafficking convictions may well have reinforced the affiant's arguments to the commissioner that the informant was reliable. The convictions might well have shown that the informant had reason to know whereof he/she spoke. It is possible that a judge might be skeptical of an informant who had no prior drug convictions and no history of drug trafficking, but claimed to know details of drug trafficking by other people. This court might look at the issue differently if the informant had four prior convictions for, say, obstruction or fraud. But it seems unlikely to this court that a court commissioner would be shocked or *more* skeptical about an informant's reliability upon learning that the informant who provided information about drug trafficking in fact had prior convictions for drug trafficking.

The same is true of the fact that the informant was cooperating in exchange for what he/she hoped would be leniency in a gun case. Setting aside concerned citizens or victims who provide information, it is the norm for an informant to expect something in return for his/her cooperation. And the fact that the informant was facing a gun charge again gave him/her reason to have access to information about the defendant having gun.

Further, even if the commissioner had had concerns about the informant's credibility based solely on the prior convictions, the commissioner had other information. The commissioner also knew that agents had questioned the informant extensively about drug and gun activity, and that the informant had provided reliable information in another case—information which had resulted in an arrest and subsequent conviction. The defendant ignores this information, which corroborated the informant's reliability.

The defendant makes no mention in his reply in support of the objection of United States v. Leon, 468 U.S. 897 (1984). Judge Duffin relied on Leon when he concluded that even if the evidence supporting probable cause was thin, the agents executing the warrant relied on it in good faith. The defendant has not pointed to any information to the contrary. While he has repeatedly asserted that Ayala "omitted" or "concealed" information from the court commissioner, he has not identified any evidence that Ayala deliberately hid problematic evidence from the commissioner. See Leon, 468 U.S. at 922 ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit *that the*

13

*affiant knew was false or would have known was false except for his reckless disregard of the truth.*" (Emphasis added.) Nor has he pointed to any evidence that the officers who executed the warrant did not "act[] in the objectively reasonable belief that their conduct did not violate the Fourth Amendment." Id. at 918.

Judge Duffin also found that the defendant had not met the requirements for a hearing on the validity of the affidavit under Franks v. Delaware, 438 U.S. 154 (1978). This court agrees. The Franks court emphasized that a warrant is entitled to a presumption of validity. Id. at 171. To "mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." Id. The defendant must make "allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof," specifying the part of the affidavit that the defendant alleges is false and including a "statement of supporting reasons." Id. The defendant's statements that Ayala "omitted" or "concealed" the informant's background, without more, are just unsupported allegations.

## V. Conclusion

The court **OVERRULES** the defendant's objections to Judge Duffin's recommendation. Dkt. No. 34.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. Nos. 30-31.

The court **DENIES** the defendant's motion to suppress evidence. Dkt. No. 17.

14

The court **DENIES** the defendant's motion to suppress statements. Dkt. No. 18.

The court's staff will contact the parties to select a date for a hearing to discuss scheduling.

Dated in Milwaukee, Wisconsin this 26th day of November, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER
United States District Judge**